UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEYTRIC ISAAC,

    Plaintiff,

v.                                 Case No. 8:19-cv-1492-T-02TGW

BOB GUALTIERI, et al.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's, a pretrial detainee, civil rights complaint filed pursuant to 42 U.S.C. § 1983 and against Defendants Deputy Dugmore, Sheriff Bob Gualtieri, and the Pinellas County Jail ("PCJ"). The complaint alleges that on March 21, 2019, Deputy Dugmore subjected Plaintiff to cruel and unusual punishment when he punched Plaintiff in the head, rammed his face into steel bars, and slammed him down to the concrete floor while he was handcuffed. Despite that his head and face were bleeding, he sustained severe head, neck, and back injuries, and he was in excruciating pain, Plaintiff was refused medical treatment by medical staff. Subsequently, jail officials conspired together to write Plaintiff a false disciplinary report to cover-up the incident. Sheriff Gualtieri is responsible for Deputy Dugmore's actions because for several years before the incident, he allowed prison officials to physically abuse Plaintiff and other detainees. As relief, Plaintiff seeks compensatory and punitive damages.

## STANDARD OF REVIEW

The Court has examined the complaint in accord with 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and those who pay the requisite filing fee. The procedure required by § 1915A is, by its terms, a screening process to be applied *sua sponte*. *See id.*

The Court finds, for reasons set forth *infra*, that the complaint should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted against some defendants.[1] *See also* 28 U.S.C. § 1915(e) (pursuant to the Prisoner Litigation Reform Act, federal courts must dismiss an *in forma pauperis* prisoner's claims "if the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune form such relief.").

---

[1] The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although the complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## DISCUSSION

### I. PCJ

Defendant PCJ is not a legal entity amenable to suit. *See Brannon v. Thomas County Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) ("County Jail is not an entity capable of being sued under Georgia law"); *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (holding that "county jails are not legal entities amenable to suit."); *Herrera v. Rambosk*, 2019 WL 1254772, at *4 (M.D. Fla. Mar. 19, 2019) ("Florida law does not recognize a jail facility as a legal entity separate and apart from the Sheriff charged with its operation and control."). Accordingly, the claims against PCJ will be dismissed from this case with prejudice.

### II. Medical claims

Plaintiff alleges that despite sustaining serious injuries and suffering excruciating pain, he was denied any medical treatment. Inadequate medical care violates a pre-trial detainees rights under the Fourteenth Amendment where the detainee shows "1) a serious medical need; (2) the health care providers' deliberate indifference to that need; and (3) causation between the health care providers' indifference and [the detainee's] injury." *Nam Dang by & through Vina Dang v. Sheriff, Seminole Cty. Fla.*, 871 F.3d 1272, 1279 (11th Cir. 2017).

Plaintiff has failed to state a claim upon which relief may be granted with respect to his inadequate medical care claim because he failed to allege that any Defendant in this case is a medical provider who was deliberately indifferent to his serious medical needs. Accordingly, his denial of medical care claim will be dismissed without prejudice.

### III. Conspiracy claim

Plaintiff alleges that unnamed jail officials conspired to violate his constitutional rights regarding the March 21, 2019 incident. Specifically, he contends that those officials conspired

to issue him a false disciplinary report to cover-up Defendant Dugmore's use of excessive force against him.

To establish a § 1983 conspiracy, "a plaintiff must show, among other things, that the defendants 'reached an understanding to violate [his] rights.'" *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir.2002) (citation omitted) (alteration in original). Plaintiff has failed to allege any facts indicating that Defendants participated in the conspiracy. Moreover, his allegations present no more than a vague and conclusory claim of conspiracy, which is insufficient to state a claim upon which relief may be granted. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir.1984) (conspiracy allegation that is vague and conclusory fails to state a claim upon which relief can be granted and is subject to dismissal). Accordingly, Plaintiff's conspiracy claim must be dismissed without prejudice.

## LEAVE TO AMEND

Within thirty (30) days, Plaintiff may submit an amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference. An amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint.

Plaintiff must limit his allegations in his amended complaint to claims related to the same basic incident or issues as raised in his complaint, and name as Defendants only those persons

4

who are responsible for the alleged constitutional violations. Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

Accordingly, it is **ORDERED** that:

1. The complaint (Doc. 1) is **DISMISSED** without prejudice under 28 U.S.C. § 1915A.

2. The **Clerk** shall mail a court-approved form for filing a civil rights complaint by a prisoner with Plaintiff's copy of this Order. This case number should be written on the form.

3. Plaintiff has thirty (30) days from the date of this Order to file an amended complaint, submitted on the court form, in compliance with this Order.

4. If Plaintiff fails to file an amended complaint within 30 days, **this action will be dismissed without further notice.**

**DONE AND ORDERED** in Tampa, Florida on June 24th, 2019.

WILLIAM F. JUNG
United States District Judge

Copy to: *Pro se* Plaintiff