UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEYTRIC ISAAC,

    Plaintiff,

v.

DEPUTY DUGMORE, *et al.*,

    Defendants.
_____/

Case No. 8:19-cv-01492-T-02TGW

# ORDER

This matter comes to the Court on a motion to dismiss Plaintiff's Amended Complaint, Dkt. 7, from Defendants Dugmore and Carter, Dkt. 15. Plaintiff, Keytric Isaac, was ordered by the Court, on October 23, 2019, to respond to Defendants' motion within twenty-one (21) days. Dkt. 16. The Order was not returned as undeliverable. Plaintiff did not respond to Defendants' motion; as such, it is deemed unopposed. *Alvarez v. Specialized Loan Servicing LLC*, No. 8:15-CV-1388-T-27AEP, 2015 WL 4609573, at *1 (M.D. Fla. July 30, 2015) (citing Local Rule 3.01(b)). The Court grants the motion.

## BACKGROUND

For purposes of ruling on a 12(b)(6) motion to dismiss, the Court accepts as true the allegations of Plaintiff's Complaint and applies the liberal pleading standard for pro se litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff

alleges that while he was a pretrial detention inmate at the Pinellas County Jail on March 21, 2019, deputy Dugmore rammed his head into an unspecified item made of steel, and punched and slammed him in violation of the Eighth Amendment and that nurse Carter was deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment. Dkt. 7 at 5. Plaintiff alleges that he received "permanent injuries to [his] neck and back, bone fracture to shoulder, torn ligaments and tissue muscle, head trauma, cuts laceration, mental injury" for which he never received treatment. *Id.* Plaintiff requests relief of fifty thousand dollar of compensatory damages against Defendant Dugmore and fifty thousand dollars of punitive damages against Defendant Carter. *Id.*

Plaintiff further alleges that he got into a verbal altercation with Defendant Dugmore when he went to a sick call on March 21, 2019, at 11:07 am. *Id.* at 12. Plaintiff alleges that while escorting him back from the sick call Defendant Dugmore used racial slurs and profanity against Defendant. *Id.* at 13. Plaintiff alleges that he made a sarcastic remark to Defendant Dugmore, after which Defendant Dugmore punched him in the head and then grabbed his head and rammed it into cell bars. *Id.* Then Defendant Dugmore picked Plaintiff up and slammed him into the concrete floor and continued to use more racial slurs. *Id.* at 14. Plaintiff alleges this entire incident is on video. *Id.*

After this, other jail officials took Plaintiff to the designated attorney room where he was seen by nurse Carter. *Id.* Plaintiff alleges that despite telling her about his pain and visible injuries, Defendant Carter never asked him about what happened, provided him any treatment or medicine, or documented his injuries. *Id.* Plaintiff alleges Defendant Carter just looked at him without saying a word and left. *Id.* at 15.

## LEGAL STANDARD

Under 28 U.S.C. § 1915, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that [the action] . . . fails to state a claim on which relief may be granted . . . ." § 1915(e)(2)(B)(ii). Similarly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the motion, the court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted).

Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted). Courts may also consider documents attached to a

motion to dismiss if they are (1) central to the plaintiff's claim; and (2) undisputed or, in other words, the "authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citations omitted).

## DISCUSSION

I. <u>Eighth Amendment Claim Against Deputy Dugmore</u>

Plaintiff alleges Deputy Dugmore violated the Eighth Amendment when he punched him and slammed him into steel bars. Dkt. 7 at 13. As a pretrial detainee Plaintiff was protected under the Fourteenth Amendment not the Eighth. "Claims involving the mistreatment of . . . pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners." *Anderson v. Chapman*, 604 F. App'x 810, 814 (11th Cir. 2015) (quoting *Cottrell v. Caldwell,* 85 F.3d 1480, 1490 (11th Cir. 1996)). As such, this claim should be pled under the Fourteenth Amendment. The Court dismisses Count I as pled under the Eighth Amendment, but grants the Plaintiff leave to amend to assert the Count under the Fourteenth Amendment.

II. <u>Fourteenth Amendment Claim Against Nurse Carter</u>

Count II alleges deliberate indifference to a serious medical need against Defendant Carter. Plaintiff alleges that he told Defendant Carter that his face hurt, he was in great pain, had head trauma, was bleeding, and had multiple injuries to

4

his neck and back. Dkt. 7 at 14. Plaintiff alleges that Defendant Carter never asked about or documented any of these injuries or provided him any treatment or medication. *Id.* Defendants assert that Plaintiff's claim should be dismissed because he did not allege a physical injury that was greater than de minimis as required by 42 U.S.C. § 1997e(e). Dkt. 15 at 3. Defendants argue that because Plaintiff only requests punitive damages, his "self-diagnosed alleged injuries" are insufficient to make a claim. *Id.* at 3–4.

However, Plaintiff alleges more than mental or emotional injuries, or injuries that are a mere self-diagnosis. Plaintiff alleges that he was bleeding and that he had clearly visible injuries. Dkt. 7 at 14. As alleged, the Plaintiff meets the standard necessary to set forth a claim of physical injury. The Eleventh Circuit in *Thompson*, found that a plaintiff's allegations of "headaches, weakness, cold sweats, dizziness, weight loss, numbness in his left arm, and high blood sugar that caused fainting[,]" raised enough of a claim for a physical injury to meet the standard in 42 U.S.C. § 1997e(e). *Thompson v. Sec'y, Fla. Dep't of Corr.*, 551 F. App'x 555, 556 (11th Cir. 2014). Plaintiff's allegations that he was bleeding and suffering from head trauma, among other things, make this a case where Plaintiff is alleging more than mental and emotional distress.

The Defendants point to the lack of evidence proving there was a physical injury and how, without such evidence, the Plaintiff could only receive nominal

5

damages, which he has not pled. This, however problematic it may be for the Plaintiff in the future, does not impact the ability of the Plaintiff to bring this claim. Plaintiff alleged sufficient physical injuries to proceed on a claim with the requested relief of punitive damages. Plaintiff is further free to amend this Count to request nominal damages in addition to punitive ones.

However, as the standard is high for medical indifference claims, the Plaintiff's allegations regarding his injuries are inadequate and must be elaborated with greater detail. "Medical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citation omitted). To prevail, Plaintiff must demonstrate:

> (1) an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm; and (2) that the response made by public officials to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law.

*Harris v. Leder*, 519 F. App'x 590, 595–96 (11th Cir. 2013) (internal quotation marks and citations omitted). "To establish deliberate indifference, a plaintiff must demonstrate (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Monteleone v. Corizon*, 686 F. App'x 655, 658 (11th Cir. 2017) (internal quotation marks and citations omitted).

6

As currently alleged Plaintiff has not sufficiently established these elements to the degree required to make a claim under 42 U.S.C. § 1983. Therefore, Count II is dismissed without prejudice.

## CONCLUSION

Based on the foregoing, Defendants' motion to dismiss, Dkt. 15, is **GRANTED**. Plaintiff's Amended Complaint, Dkt. 7, is hereby **DISMISSED**. The Plaintiff has thirty (30) days from the date of this Order to file a clearly labeled Second Amended Complaint on the court form in compliance with this order. The Clerk shall mail a court-approved form for filing a civil rights complaint by a prisoner with the Plaintiff's copy of this Order. This case number should be written on the form. If Plaintiff fails to file a Second Amended Complaint within 30 days, this action will be dismissed without further notice.

**DONE AND ORDERED** at Tampa, Florida, on November 25, 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Plaintiff, pro se